**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                      :
JANY OCAMPO, on behalf of herself and all   :
others similarly situated,            :
                      :
           Plaintiff,        :   Civil Action No.
                      :
vs.                      :   **CLASS ACTION COMPLAINT AND**
                      :   **JURY TRIAL DEMAND**
CELENTANO, STADTMAUER &     :
WALENTOWICZ, LLP,        :
,                      :
           Defendant.     :
                      :
—————————————————————X

Plaintiff JANY OCAMPO (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant CELENTANO, STADTMAUER & WALENTOWICZ, LLP (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Bergen County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief, Defendant CELENTANO,

STADTMAUER & WALENTOWICZ, LLP, ("CSW" or "Defendant") is a New Jersey

limited liability partnership engaged in the business of collecting debts in this state with its principal place of business located at 1035 Route 46 East, suite B208, Clifton, New Jersey 07015 in Passaic County.

9.      Defendant is a company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.  In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

10.     Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class consists of:

**Class 1**

•      All New Jersey consumers who were served with a complaint listing Defendant as attorney of record in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

3

**Class 2**

- All New Jersey consumers who were sent information subpoenas from Defendant in a form substantially similar to attached Exhibit D and which included the alleged conduct and practices described herein.

**Class 3**

- All New Jersey consumers who failed to receive a notice or letter from Defendant that included the disclosures required by section 1692g(a) of the FDCPA.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and D,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

4

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA.

  b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no

unusual difficulties are likely to be encountered in the management of
this class action;

• A Class Action will permit large numbers of similarly situated persons
to prosecute their common claims in a single forum simultaneously
and without the duplication of effort and expense that numerous
individual actions would engender. Class treatment will also permit the
adjudication of relatively small claims by many Class members who
could not otherwise afford to seek legal redress for the wrongs
complained of herein.  Absent a Class Action, class members will
continue to suffer losses of statutory protected rights as well as
monetary damages.  If the Defendant's conduct is allowed to proceed
without remedy it will continue to reap and retain the proceeds of its
ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire
Class, thereby making appropriate final injunctive relief or
corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

14.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is
defined by 15 U.S.C. §1692a(3).

15.    Defendant collects and attempts to collect debts incurred or alleged to
have been incurred for personal, family or household purposes on behalf of creditors
using the United States Postal Service, telephone and/or the Internet.

16.    Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17.     On or about December 3, 2017, Plaintiff allegedly incurred a financial obligation to Hackensack University Medical Center ("HUMC") related to hospital services provided to Plaintiff ("the Debt").

18.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     HUMC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     Sometime after December 3, 2017, HUMC, either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

22.     At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

23.     On or about, August 14, 2019, Defendant filed a lawsuit in the New Jersey Superior Court, Law Division, Special Civil Part on behalf HUMC against Plaintiff seeking to collect $1259.04 related to the Debt in a case entitled Hackensack University Medical Center v. Ocampo, Ber-DC-013417-19 ("the State Court Action") .

24.     The State Court Action contained two counts.  The First Count sought to collect based upon a theory of liability that the Debt was a book account. The Second Count was based upon a theory of liability for the "reasonable value" of hospital services provided by HUMC.  Both counts sought damages in the amount of $1,259.04, plus interest, attorney's fees and costs of suit.  A copy of the State Court Action complaint is attached as **Exhibit A**.

25.    Subsequently, Plaintiff filed an answer pro se in the State Court Action.

26.    On October 11, 2019, Defendant filed a Motion for Summary Judgment in the State Court Action.  The summary judgment motion was not opposed by Plaintiff.

27.    On October 29, 2019, summary judgment was granted in favor of HUMC and against Plaintiff in the amount of $1,259.04.  The Order specifically did not award "statutory fees and costs" with such language being stricken from the Order.  The bottom of the Order indicated:

> Plaintiff is entitled to court costs.  Cost must be included with specificity in an Affidavit and should be included with the Motion in the proposed Order.  The Affidavit per R. 4:42-8(c) can be filed with the original Motion or Plaintiff must file an Affidavit subsequent to prevailing on the Motion.

A copy of the October 29, 2019 Order is attached as **Exhibit B**.

28.    Defendant never filed such an Affidavit as required by the court to recover costs.

29.    The October 29, 2019 Order did not award Defendant either attorneys fees or interest as requested in the Complaint.

30.    Furthermore, there was no legal basis for Defendant to seek attorney's fees or prejudgment interest in the Complaint.

31.    On October 31, 2019, a postcard was sent by the Court to Defendant indicating that the judgment total was $1259.04.  A copy of the October 31, 2019 postcard is attached **Exhibit C**.

32.    On or about November 6, 2019, Defendant served Plaintiff with an information subpoena.  A copy of the Information Subpoena is attached as **Exhibit D**.

33.    The Information Subpoena improperly indicates that Judgment has been

entered against Plaintiff in the amount of $1,316.04, when in fact the judgment amount was actually only $1259.04, as indicated by the judgment postcard..

34.    The Information Subpoena improperly overstated the amount of the judgment.

35.    The October 29, 2019 Order and Information Subpoena were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.    The Complaint and the Information Subpoena were each a "communication" as defined by 15 U.S.C. § 1692a(2).

37.    Based upon information and belief, Defendant never timely sent to Plaintiff the notice required by section 1692g of the FDCPA.

38.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

39.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

40.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

41.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

42.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

43.    Defendant's communication was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection

efforts.

44. Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

45. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

46. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

47. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

48. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

49. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

50. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for

bankruptcy, etc.

51.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

52.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibits A and D**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

> (c)     Using unfair or unconscionable means to collect or attempt to collect any debt and/or,

> (f)     failing to comply with the disclosure requirements of section 1692g

53.     On information and belief, Defendant caused to be sent written communications in the form annexed hereto as Exhibit A and/or D to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

54.     Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were set forth at length.

55.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

56.    Defendant's conduct violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect.

C.  15 U.S.C. § 1692e(2)(B) of the FDCPA by falsely representing the entitlement to certain interest, fees, costs and/or other charges.

D.   15 U.S.C. §1692e(5), the threating to take any action that cannot legally be taken or that is not intended to be taken;

E.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

H.  15 U.S.C. §1692g(a) by failing to provide the disclosures in the initial written communication as required.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
         December 25, 2019

                                        Respectfully submitted,


                                        By: s/ Lawrence C. Hersh
                                            Lawrence C. Hersh, Esq.
                                            17 Sylvan Street, Suite 102B
                                            Rutherford, NJ  07070
                                            (201) 507-6300
                                            *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: December 25, 2019                  By: s/ Lawrence C. Hersh
                                              Lawrence C. Hersh, Esq

13

EXHIBIT A

**Nancy A. Cifalino, Esq - NJ ATTY ID # 018512000**
**CELENTANO, STADTMAUER & WALENTOWICZ, LLP**
1035 Route 46 East, Suite B208
P.O. Box 2594
Clifton, New Jersey 07015-2594
Phone: (973) 778-1771
Fax: (973) 916-5473
Attorneys for Plaintiff

| | |
|---|---|
| HACKENSACK UNIVERSITY MEDICAL CENTER<br><br>Plaintiff(s)<br><br>vs.<br><br>JANY OCAMPO<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>SPECIAL CIVIL PART<br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT (contract)** |

Plaintiff(s):     HACKENSACK UNIVERSITY MEDICAL CENTER
Located at:      30 PROSPECT AVE., HACKENSACK, NJ 07601

## FACTUAL ALLEGATIONS

1. Plaintiff, HACKENSACK UNIVERSITY MEDICAL CENTER is a "health care facility" as that term is defined in N.J.S.A. 26:2H-2. HACKENSACK UNIVERSITY MEDICAL CENTER provides acute care hospital services to the public at large.

2. HACKENSACK UNIVERSITY MEDICAL CENTER provided the following hospital services:

| DATE OF SERVICE | PATIENT NAME | AMOUNT DUE |
|---|---|---|
| 12/03/2017 | OCAMPO, JANY | $1,259.04 |
| | Less Credits: | $0.00 |
| | Balance Due: | $1,259.04 |

3. The total balance presently due and owing for the above noted hospital services is $1,259.04.

4. HACKENSACK UNIVERSITY MEDICAL CENTER has demanded full payment from the Defendant(s). To date, payment of the total outstanding balances has not been made.

## FIRST COUNT

1. HACKENSACK UNIVERSITY MEDICAL CENTER repeats and realleges each and every allegation contained in Factual Allegations Count of the Complaint as if set forth at length herein.

2. The Defendant(s) is liable to HACKENSACK UNIVERSITY MEDICAL CENTER on a certain book account for the hospital services rendered as set forth above.

3. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff, HACKENSACK UNIVERSITY MEDICAL CENTER, demands judgment against Defendant(s), JANY OCAMPO, for compensatory damages in the amount of $1,259.04, interest, attorneys fees, costs of suit and for such other and further relief as the court may deem to be equitable and just.

## SECOND COUNT

1. HACKENSACK UNIVERSITY MEDICAL CENTER repeats and realleges each and every allegation contained in the Factual Allegations Count and First Count of the Complaint as if set forth at length herein.

Please note that this communication is from a debt collector.
**Reference Number: 0320637001 - RH**

2. The Defendant(s) is liable to HACKENSACK UNIVERSITY MEDICAL CENTER for the reasonable value of the hospital services as set forth above.

3. Payment has been demanded and has not been made.

WHEREFORE, Plaintiff, HACKENSACK UNIVERSITY MEDICAL CENTER, demands judgment against Defendant(s), JANY OCAMPO, for compensatory damages in the amount of $1,259.04, interest, attorneys fees, costs of suit and for such other and further relief as the court may deem to be equitable and just.

## **CERTIFICATION**

I certify that to the best of my knowledge, the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

CELENTANO, STADTMAUER & WALENTOWICZ, LLP
Attorneys for Plaintiff

S/ Nancy A. Cifalino

DATED:   AUG 1 4 2019

Please note that this communication is from a debt collector.
**Reference Number: 0320637001 - RH**

EXHIBIT B

**CELENTANO, STADTMAUER & WALENTOWICZ, LLP**
Allen Safrin, Esq. - 020651993
1035 Route 46 East, Suite 208
P.O. Box 2594
Clifton, New Jersey 07015-2594
(973) 778-1771
Attorneys for Plaintiff

| | |
|---|---|
| HACKENSACK UNIVERSITY MEDICAL CENTER, <br><br> Plaintiff, <br><br> vs. <br><br> JANY OCAMPO, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br> SPECIAL CIVIL PART <br> DOCKET NO.: BER-DC-13417-19 <br><br> *Civil Action* <br><br> **ORDER GRANTING HACKENSACK UNIVERSITY MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT** |

**THIS MATTER** having been brought before the Court by Celentano, Stadtmauer & Walentowicz, LLP., attorneys for the Plaintiff, Hackensack University Medical Center, for an Order granting Summary Judgment in favor of Plaintiff and against Defendant, Jany Ocampo, pursuant to Notice of Motion, and the Court having considered the matter and good cause appearing;

**IT IS**, on this __29__ day of ___October,_____ 2019;

**ORDERED** that Summary Judgment be and is hereby granted in favor of Plaintiff, Hackensack University Medical Center, and against Defendant, Jany Ocampo, in the amount of $1,259.04 ~~plus statutory fees and costs;~~ and it is further

**ORDERED** that a copy of the within Order be served upon all parties within ten (10) days of its receipt by movant's counsel.

/S/ Joseph G. Monaghan
_____
Joseph G. Monaghan   , J.S.C.

____ Opposed

__x__ Unopposed

Plaintiff is entitled to court costs. Costs must be included with specificity in an Affidavit and should be included with the Motion and in the proposed Order. The Affidavit per R. 4:42-8(c) can be filed with the original Motion or Plaintiff must file an Affidavit subsequent to prevailing on the Motion.

EXHIBIT C

```
BERGEN SPECIAL CIVIL PART           :
BERGEN COUNTY COURTHOUSE            :
BERGEN COUNTY JUSTICE CENTER        :
HACKENSACK NJ 07601-7680           :
(201) 221-0700                      :
                       CV0285   : OCTOBER 31, 2019
CASE NUMBER:
  BER DC-013417-19                  :
CREDITOR(S): HACKENSACK UNIVER      :
DEBTORS(S):  OCAMPO J               : ARNOLD L STADTMAUER
VJ NUMBER:    011584-19             : CELENTANO STADTMAUER & WAL
EFFECTIVE DATE: 10/29/2019          : 1035 ROUTE 46 EAST
AMOUNT:          $ 1259.04          : P.O. BOX 2594
COST:               0.00            : CLIFTON NJ
ATTORNEY FEE:       0.00            :
OTHER COST:         0.00            :              07015
CREDITS:            0.00            :
JUDGMENT TOTAL: $ 1259.04           :
                                    :
                                    :
                                    :
                                    :
                                    :
                                    :
```

EXHIBIT D

# Celentano, Stadtmauer & Walentowicz, LLP

## ATTORNEYS AT LAW

John A. Celentano, Jr. (Retired)
Arnold L. Stadtmauer
Henry C. Walentowicz
Steven Stadtmauer *
Nancy A. Cifalino *
Allen Safrin *
Jennifer K. Chapla * +
Kristen Ottomanelli *
Erica R. Gilerman *
Nicholas J. Ciolko
* Member NJ and NY Bar
+ Member NJ and CT Bar

Notchview Office Park
1035 Route 46 East Suite, B208
P.O. Box 2594
Clifton, NJ 07015-2594
Toll Free Number:
1-877-708-5890

Fax Number:
973-916-5473

November 6, 2019

JANY OCAMPO
157 ORCHARD STREET
EAST RUTHERFORD, NJ 07073

RE: HACKENSACK UNIVERSITY MEDICAL CENTER
vs. JANY OCAMPO
Docket No.: DC-13417-19
CSW Reference Number: 0320637001-JC

In accordance with a judgment which has been entered against you in the above matter, I enclose herewith original and Copy of Information Subpoena. These questions must be answered by you within 14 days of service upon you.

Please note that your failure to answer these questions may result in you being held in contempt by the Court.

Please note that this communication is from a debt collector.

Very truly yours,
Celentano, Stadtmauer & Walentowicz, LLP
Arnold L. Stadtmauer

ALS/ss

Please note that this communication is from a debt collector.
**Reference Number: 0320637001 - JC**

IMPORTANT NOTICE PLEASE READ CAREFULLY

**CELENTANO, STADTMAUER & WALENTOWICZ, LLP**
1035 Route 46 East, Suite B208
P.O. Box 2594
Clifton, New Jersey 07015-2594
Phone: (973) 778-1771
Fax: (973) 916-5473
Attorneys for Plaintiff

|  |  |
|---|---|
| HACKENSACK UNIVERSITY MEDICAL CENTER<br><br>Plaintiff(s)<br><br>vs.<br><br>JANY OCAMPO<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>SPECIAL CIVIL PART<br>DOCKET NO. DC-13417-19<br><br>CIVIL ACTION<br><br>INFORMATION SUBPOENA |

The State of New Jersey, to:
    JANY OCAMPO

Judgment has been entered against you in the above named Court on 10-29-2019, in the amount of $1,316.04, of which $1,316.04 together with interest from 10-29-2019, remains due and unpaid.

Attached to this Information Subpoena is a list of 17 questions that court rules require you to answer within 14 days from the date you receive this subpoena. If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

If this judgment has resulted from a default you may have the right to have this default judgment vacated by making an appropriate motion to the court. Contact an attorney or the clerk of the court for information on making such a motion. Even if you dispute the judgment you must answer all 16 of the attached questions.

You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the court. However, you need not provide information concerning the income and assets of others living in your household unless you have a financial interest in the assets or income. Be sure to sign and date your answers and return them to the address in the upper left hand corner within 14 days.

Jon Goodman
Clerk, Bergen County

CELENTANO, STADTMAUER & WALENTOWICZ, LLP
Attorneys for Plaintiff
S/ Arnold L. Stadtmauer

Clerk
November 6, 2019

Please note that this communication is from a debt collector.
**Reference Number: 0320637001 - JC**